# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**TERRY H. KARR,**
**Claimant Below, Petitioner**

**FILED**

**June 8, 2017**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)   No. 16-0388** (BOR Appeal No. 2050878)
(Claim No. 2014009920)

**BIZZACK CONSTRUCTION, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Terry H. Karr, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Bizzack Construction, LLC, by Alyssa A. Sloan, its attorney, filed a timely response.

The issue on appeal is whether the diagnosis single episode major depression should be added as a compensable component of the claim. This appeal originated from the April 8, 2015, claims administrator's decision denying the request to add single episode major depression to the claim. In its October 2, 2015, Order, the Workers' Compensation Office of Judges affirmed the decision. The Board of Review's Final Order dated March 23, 2016, affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Terry H. Karr, an equipment operator, was injured in the course of his employment on September 27, 2013, when the end-loader he was operating lost all power upon engine failure and slid over a berm, dropping 200 feet straight down off the hillside. Mr. Karr landed at the bottom of the ravine and crawled to safety. Mr. Karr was transported to Logan Regional Medical Center via ambulance. He suffered from a head injury, several lacerations to his face, an eye injury, neck injury, torn rotator cuff, and sprains and strains of the upper arm and shoulder.

1

The claims administrator first held the claim compensable for accident caused by other specified machinery, open wound of the forehead without mention of complications, and sprains/strains of the shoulder and upper arm, although other conditions would subsequently be added to the claim. Mr. Karr underwent treatment by several different physicians until Allen Young, M.D., was finally put in place to oversee the injuries related to the compensable injury. On November 10, 2014, Dr. Young noted that Mr. Karr had been suffering from depression since the injury. Dr. Young opined the diagnosis of single episode major depression should to be added to the claim and recommended Mr. Karr see a psychiatrist.

On December 18, 2014, Mr. Karr underwent a Forensic Psychiatry Evaluation performed by Bobby Miller, M.D. Dr. Miller reviewed Mr. Karr's history and medical records before performing a mental status evaluation. Dr. Miller diagnosed Mr. Karr with adjustment disorder with mixed anxious and depressed mood. He believed this diagnosis was related to the work injury and that the stressor was Mr. Karr's injury and his perception of disability. Dr. Miller believed that Mr. Karr had reached maximum medical improvement. He concluded Mr. Karr suffered 6% psychiatric impairment and added it would not be unreasonable to continue Mr. Karr's prescription of Celexa another six months before discontinuation.

On January 14, 2015, the claims administrator granted a 6% permanent partial disability award based on Dr. Miller's report. The diagnosis of adjustment disorder with mixed anxious and depressed mood was added to the claim and authorization for the medication Celexa was granted. The claims administrator denied the addition of Dr. Young's recommended diagnosis of single episode major depression to the claim.

Mr. Karr saw Rick Houdersheldt, D.O., for treatment of his compensable injury. Dr. Houdersheldt authored a letter on February 5, 2015, stating Mr. Karr sustained a work-related injury which left him suffering from post-traumatic stress disorder. Dr. Houdersheldt believed Mr. Karr would greatly benefit from a psychological evaluation to ensure his health and well-being. Dr. Houdersheldt authored another similar letter on March 18, 2015, again requesting a comprehensive psychiatric evaluation.

On April 8, 2015, the SelectStreet Grievance Board issued a determination advising that it had met on February 3, 2015, to consider Mr. Karr's request for reconsideration of the denial of single episode major depression to the claim. The Board noted that the issue was moot as Dr. Young requested a psychiatric evaluation which was performed by Dr. Miller. Dr. Miller diagnosed adjustment disorder with mixed anxious and depressed mood, which the claims administrator subsequently added to the claim. The Board recommended affirming the denial of the addition of single episode major depression to the claim. The claims administrator denied the addition based on the findings of the SelectStreet Board on April 8, 2015.

Dr. Young completed a medical statement on April 24, 2015, stating that the condition single episode major depression should be added to the claim. He noted that Mr. Karr suffers from terrible nightmares and depressed mood. Mr. Karr has crying spells, is socially withdrawn, and is irritable due to the work injury. Dr. Young stated that Mr. Karr was not receiving much

help with medications and his request for an increase in dosage was denied. Dr. Young again requested that major depression be added to the claim on July 2, 2015.

Mr. Karr testified in a deposition before the Office of Judges on June 11, 2015. Mr. Karr described how the accident occurred and the symptoms he suffered as a result of his injury. Mr. Karr testified that Dr. Houdersheldt diagnosed him with post-traumatic stress disorder but he had not yet been approved for treatment. Mr. Karr did indicate that he was approved for the diagnosis of adjustment disorder but was not approved for any type of counseling or psychiatric treatment related to this condition. Mr. Karr described how he cannot sleep at night due to recurring nightmares where he relives the accident. He also suffers anxiety while being in a car or backing up in any type of machinery.

The Office of Judges affirmed the claims administrator's decision denying the addition of single episode major depression to the claim on October 2, 2015. The Office of Judges noted that the procedure for adding a psychiatric condition to a claim is set out in West Virginia Code of State Rules § 85-20-12.4 (2006). First, a claimant's treating physician shall refer the claimant to a psychiatrist for initial consultation. Second, after the initial psychiatric consultation, the psychiatrist makes a detailed report. Finally, the claims administrator, aided by the psychiatrist's report, determines whether the psychiatric conditions should be added as a compensable component of the claim. The Office of Judges noted that in this case, Mr. Karr's treating physician, Dr. Young, referred him to a psychiatrist. Dr. Miller evaluated Mr. Karr and diagnosed adjustment disorder with mixed anxious and depressed mood. The claims administrator subsequently added that condition as a compensable component of the claim based on Dr. Miller's report. The Office of Judges highlighted the employer's argument that Dr. Young was the only physician attempting to add depression to the claim, while Dr. Houdersheldt recommended a diagnosis of post-traumatic stress disorder. However, Dr. Houdersheldt did not follow the procedure under West Virginia Code of State Rules § 85-20-12.4. Dr. Young requested the evaluation which was properly performed by Dr. Miller and the correct diagnosis has been added to the claim. The Office of Judges concluded the claims administrator did not err in denying Mr. Karr's request to add major depression to the claim. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 23, 2016.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. West Virginia Code of State Rules § 85-20-12.4 clearly sets forth the procedure for adding psychiatric conditions to a claim. Mr. Karr's treating physician referred him to a psychiatrist who diagnosed him with a condition which was subsequently added to the claim. Dr. Miller did not diagnose depression. Thus, the claims administrator did not err in denying the addition of single episode major depression to the claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 8, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum